IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY E. BELLAMAN,<br>　　　　Plaintiff | :<br>:<br>: |
| 　vs. | : CIVIL NO. 1:CV-09-470 |
| TOM CORBETT, MIKE ROMAN,<br>BRUCE SARTESCHI, and JILL<br>KEISER<br>　　　　Defendants | :<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

Plaintiff, Sherry E. Bellaman, is an employee of the Financial Enforcement Section (FES) in the Pennsylvania Office of Attorney General (OAG). She filed this lawsuit against defendants, Thomas W. Corbett, Jr., formerly Pennsylvania's Attorney General[1]; Michael Roman, an FES administrative officer; Jill Keiser, an FES employee; and Bruce J. Sarteschi, the OAG Human Resources Director. Plaintiff made the following federal claims: (1) First Amendment retaliation claims based on her speech in generally reporting fraud and waste in FES and on her specific reporting to her immediate supervisor, Thomas D. Kimmett,[2] that she observed two FES employees throwing out financial documents important to FES's purposes; (2) a First Amendment retaliation claim based on her right of association with Kimmett; and (3) a First Amendment retaliation

---

[1] Thomas Corbett is now the Governor of Pennsylvania. The lawsuit is based on events that occurred while he was Attorney General.

[2] Kimmett has filed his own lawsuit, docketed at No. 4:08-CV-1496.

claim based on her right to petition the government for redress of grievances. Plaintiff made the following state-law claims: (1) intentional infliction of emotional distress; (2) civil conspiracy; and (3) a claim under the Pennsylvania Whistleblower Law, 43 Pa. Stat. Ann. §§ 1421-1428 (West 2009).

We are considering the report and recommendation of the magistrate judge, which recommends that the defendants' motion for summary judgment be granted on the federal claims and that we decline to exercise our supplemental jurisdiction over the state-law claims.

Plaintiff has filed two objections to the report. We must "make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).

Before addressing the merits of the objections, we note that the defendants filed (1) a motion to strike certain paragraphs of a declaration (doc. 39-2) Plaintiff had filed in opposition to the defendants' summary judgment motion and (2) a motion to strike portions of Plaintiff's counter-statement of undisputed material fact. Essentially, the basis of both motions was that there was no evidence supporting the declaration or counter-statement, just conclusory assertions. The magistrate judge agreed with both motions and relied on the defendants' statement of material undisputed facts (except for ¶ 104) to establish the summary-judgment record. He has also recommended that both motions be granted. Plaintiff has not objected to this recommendation, although she argues that even on the record as established by the magistrate judge, she is entitled to proceed with

her case.  Since Plaintiff does not object to the record as established by the magistrate judge, in ruling on her objections we will rely on the record as set forth in the report.[3]

We also note that Plaintiff asserts in her brief in opposition to summary judgment, (doc. 40, p. 4), that she voluntarily dismissed defendant Corbett from this action.  We see nothing on the record to indicate that, but like the defendants, we will take the statement in her brief as a request to dismiss Governor Corbett, and will grant that request.  We turn now to the merits of Plaintiff's objections.

"To state a First Amendment retaliation claim, a plaintiff must allege two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action."  *Hill*, 455 F.3d at 241.  "A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made."  *Id.* at 241-42 (citing *Garcetti v. Ceballos*, 547 U.S. 410, 419, 126 S.Ct. 1951, 1958, 164 L.Ed.2d 689 (2006)).

---

[3]  In her objections, Plaintiff asserts that her complaint is "heavily fact specific" and that she incorporates it into her objections.  (Doc. 63, p. 1).  However, we are at the summary-judgment stage of these proceedings, and Plaintiff can no longer rely upon the allegations of her complaint.  *El v. Southeastern Pennsylvania Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007)(on a summary judgment motion, "[t]he non-moving party cannot rest on mere pleadings or allegations").  Instead, she has to produce evidence.  *Id.*  Thus, as noted above, we look solely to the record as established by the defendants.

A public employee does not speak as a citizen when she makes a statement "pursuant to [her] official duties . . . ." *Garcetti v. Ceballos*, 547 U.S. 410, 421, 126 S.Ct. 1951, 1960, 164 L.Ed.2d 689 (2006). If speech arises from "'special knowledge or experience'" an employee acquires while doing her job, the speech "might" be considered part of her official duties. *Gorum v. Sessums*, 561 F.3d 179, 185 (3d Cir. 2009)(quoting *Foraker v. Chaffinch*, 501 F.3d 231, 240 (3d Cir. 2007)).

The magistrate judge accepted the defendants' argument that Plaintiff's First Amendment free-speech retaliation claims were meritless because her speech was made as part of her job duties and as a result of specialized knowledge or experience acquired through her job. He therefore recommended that the claims be dismissed.

Plaintiff objects to this conclusion, contending that there is no evidence of "any guidelines, office custom, oath, or even a practice of reporting corruption in the [OAG's] office." (Doc. 63, p.3). We disagree. The defendants' statement of material undisputed facts, in the paragraphs quoted by the magistrate judge at pages 26 through 28 of his report, fully support the conclusion that Plaintiff's speech was part of her job duties, either as described or as a result of special knowledge or experience she acquired from her job.[4] We will therefore dismiss the First Amendment free-speech retaliation claims.

---

[4] However, we do disagree with the magistrate judge's conclusion that Plaintiff's speech was not on matters of public concern.

As to the First Amendment retaliation claim based on her right of association with Kimmett, that claim "is barely an extension of [her] free speech claim." *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008)(per curiam)(nonprecedential). As such, we apply the same analysis used for free-speech claims, including the requirement that Plaintiff show that she was speaking as a citizen. *Id.* (applying the public-concern requirement to an associational claim that was essentially the same as the plaintiff's free-speech claim). *See also Gorum, supra*, 561 F.3d 179, 185 n.4 (3d Cir. 2009)(the plaintiff waived his associational claim, but even if he had not "his associational claim is linked closely enough with his free-speech claim to justify application of the citizen-speech and public-concern requirements")(citing *Sanguigni v. Pittsburgh Bd. of Public Educ.,* 968 F.2d 393, 400 (3d Cir. 1992)). We will therefore dismiss the First Amendment retaliation claim based on Plaintiff's association with Kimmett.

Plaintiff's second objection is that the magistrate judge failed to address her petition clause claim. Specifically, she argues that her right to petition the government for redress of grievances was violated when Sarteschi retaliated against her for seeking assistance from SEAP, the State Employees Assistance Program. We reject this position because, as the defendants argue, Plaintiff only complains that Sarteschi was "aggressive, accusatory and insulting to her at three meetings after she contacted SEAP. (Doc. 40, Pl.'s Br. in Opp'n to Summary Judgment, at p. 18). This is not the type of

conduct actionable in a First Amendment retaliation claim. *Brennan v. Norton*, 350 F.3d 399, 418-19 (3d Cir. 2003).

       We will issue an appropriate order.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge

DATE: July 15, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY E. BELLAMAN,<br>      Plaintiff | :<br>:<br>: |
| vs. | : CIVIL NO. 1:CV-09-470<br>: |
| TOM CORBETT, MIKE ROMAN,<br>BRUCE SARTESCHI, and JILL<br>KEISER<br>      Defendants | :<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 15th day of July, 2011, upon consideration of the magistrate judge's report and recommendation (doc. 52), and Plaintiff's objections (doc. 62) thereto, it is ordered that:

   1. Pursuant to Plaintiff's request, this action is dismissed as against defendant, Thomas W. Corbett, Jr.

   2. The magistrate judge's report and recommendation is adopted except for our disagreement noted in footnote 4 in the accompanying memorandum.

   3. Defendants' motion (doc. 43) to strike the declaration (doc. 39-2) of plaintiff, Sherry Bellaman, is granted as to paragraphs 4-11 and 17-18 of the declaration.

   4. Defendants' motion (doc. 45) to strike portions of Plaintiff's counter-statement (doc. 39) of undisputed material facts is granted as to paragraphs 23, 30, 31, 33, 39 (to the extent Plaintiff states Santana was given three-months severance pay), 45 (last sentence), 48 (further response), 50 (further response), 51-56, 82 (further response), 83, 85 (further response), 86, 90-92, 109 (further response), 117 (further response), 118 (further response), 119-121, 122 (further response), and 150.

   5. Defendants' motion (doc. 45) to strike portions of Plaintiff's counter-statement is granted as to the following

paragraphs in their entirety: paragraphs 50-56, 81-83, 85-86, 91-92, 94 and 136.  Defendants' motion (doc. 45) is also granted as to the following paragraphs in their entirety: 34, 35, 37, 38, 41-45, 47, 48, 57-59, 61, 63, 69, 70, 75-77, 79, 88, 94, 104-106, 111, 116, 123, 125-132, 139 and 142-149.

   6.  Defendants' motion (doc. 30) for summary judgment is granted.

   7.  The Clerk of Court shall enter judgment in favor of defendants, Michael Roman, Jill Keiser, and Bruce J. Sarteschi, and against Plaintiff, on her First Amendment free-speech retaliation claims, her First Amendment right-of-association retaliation claim, and her First Amendment right-to-petition retaliation claim.

   8.  The court declines to exercise supplemental jurisdiction over the state-law claims (1) for intentional infliction of emotional distress, (2) for civil conspiracy, and (3) under the Pennsylvania Whistleblower Law, and those claims are dismissed without prejudice to pursuing them in state court.

   9.  The Clerk of Court shall close this file.

                                             /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge